# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE TOTH, | 1:12cv0001 LJO DLB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO REMAND |
| v. | (Document 16) |
| GUARDIAN INDUSTRIES CORP., et al., | |
| Defendants. | |

On January 6, 2012, Plaintiff Christine Toth ("Plaintiff") filed the instant Motion to Remand. The matter was heard on February 10, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. William Smith appeared on behalf of Plaintiff. Greg Smith appeared on behalf of Defendants Guardian Insurance Corp. and Ashley Kirkland.

## **BACKGROUND**

Plaintiff filed this employment discrimination action in Fresno County Superior Court on November 9, 2011. Defendants Guardian Industries Corp., and Ashley Kirkland (collectively, "Defendants") removed the action to this Court on December 30, 2011, pursuant to this Court's diversity jurisdiction. 28 U.S.C. § 1441.

On January 6, 2012, Plaintiff filed the instant Motion to Remand.[1]  Defendants filed an opposition on January 26, 2012.  Plaintiff filed her reply on February 2, 2012.

## ALLEGATIONS IN THE COMPLAINT

According to the Complaint, Plaintiff is an "adult homosexual female" and was employed by Defendant Guardian Industries Corp. ("Guardian") as a Human Resources Manager from December 2000 through her termination on November 12, 2010.  Plaintiff is a resident of Fresno County.  Guardian is a Delaware corporation doing business in Fresno, California.  Defendant Ashley Kirkland ("Mr. Kirkland"), a resident of Fresno County, was Plant Manager at Guardian in Fresno County.

Plaintiff began working for Guardian in December 2000 as a Human Resources Generalist at its plant in Carleton, Michigan.  Plaintiff was promoted to Human Resources Manager at its plant in Kingsburg, California.  She performed her duties satisfactorily throughout her employment and received satisfactory performance evaluations and several salary increases.

In September 2010, Mr. Kirkland told Plaintiff that he believed that two exempt employees at the plant were dating.  Mr. Kirkland told Plaintiff to fire both employees, then changed his mind and told Plaintiff to "get rid of" only the female exempt employee because the male employee was more valuable.  Complaint, ¶ 11.  Mr. Kirkland told Plaintiff to make the female employee's life so miserable that she would quit.  Plaintiff informed Mr. Kirkland that Guardian had no policy against employees dating and that to terminate an employee for this would be unlawful.  She refused to fire the female employee or take any action that would cause her to quit.

Mr. Kirkland became upset with Plaintiff and began to shun her.  Plaintiff attempted to contact Guardian's corporate attorney about Mr. Kirkland's demand, but had to leave a message.  Plaintiff then contacted Guardian's corporate Human Resources Director, Krissy Janz, to tell her about his demand and express her concern about retaliation.  Ms. Janz told Plaintiff that she did not need to talk to the corporate attorney and that she would visit Kingsburg to investigate.

---

[1] Defendants also filed Motions to Dismiss on January 6, 2012.  On January 9, 2012, the Court vacated the hearings pending the outcome of this motion.

Mr. Kirkland learned that Plaintiff had consulted with Ms. Janz and was furious. He launched into a rant in which he threatened to terminate her several times. Mr. Kirkland told Plaintiff that Bruce Cummings, Guardian's Vice President of Human Resources, "doesn't even like [her] anymore." Complaint, ¶ 14.

Plaintiff explains that she is a lesbian in a longtime relationship with a Guardian employee who works at the Reedley facility. Plaintiff believes that this is common knowledge to Guardian management. In the past, Mr. Cummings asked Plaintiff if they planned to have children and if so, which partner would give birth to the child. Mr. Cummings reacted negatively to the possibility that Plaintiff might become pregnant. Plaintiff alleges that Mr. Cummings instructed the Plant Manager at Reedley to terminate Plaintiff's partner because of their relationship.

On or about November 2, 2010, Ms. Janz met with Plaintiff and told her that she was not the right person to work with Mr. Kirkland. Ms. Janz offered Plaintiff a transfer to a plant in Indiana or a severance package. Plaintiff was unable to relocate and was terminated effective November 12, 2010. Plaintiff believes that Guardian terminated her because she refused to engage in unlawful activity and because of her sexual orientation. Plaintiff believes that Mr. Cummings participated in, and approved, the decision to terminate her.

Plaintiff filed a complaint with the California Department of Fair Employment and Housing and received a right to sue letter in November 2011.

For the first cause of action, Plaintiff alleges retaliation in violation of California Labor Code section 1102.5, against Guardian only.

For the second cause of action, Plaintiff alleges unlawful discrimination and harassment, and failure to prevent unlawful discrimination and harassment, in violation of California Government Code section 12900, et seq., against Guardian only.

For the third cause of action, Plaintiff alleges wrongful termination in violation of public policy against Guardian only.

For the fourth cause of action, Plaintiff alleges defamation against both Guardian and Mr. Kirkland. She alleges that Defendants "caused to be published, false and unprivileged

communications tending directly to injure Plaintiff in her business and professional reputation." Complaint, ¶ 42. Specifically, she alleges that Defendants "told others, including, but not limited to Bruce Cummings and Krissy Janz and subsequent potential employers, expressly or by implication, that Plaintiff was incompetent at her job, engaged in reprehensible conduct, and lacked cooperation." Complaint, ¶ 42. The statements were "oral and possibly written" and were understood as assertions of fact, not as opinions. Complaint, ¶¶ 43, 46. Plaintiff alleges that the statements were published with express and implied malice, and without privilege, by Defendants with intent to injure Plaintiff in her good name, reputation and employment. Complaint, ¶ 47. The statements were unsolicited publications to third persons who had no need or desire to know. Complaint, ¶ 52. These third persons include other agents and employees of Defendants and members of the community, all of whom are known to Defendants, but are currently unknown to Plaintiff. Complaint, ¶ 53.

Plaintiff seeks damages in the total amount of $1,500,000.

## DISCUSSION

A.   Legal Standard

By statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking to invoke federal jurisdiction bears the burden of establishing jurisdiction. See Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

"The joinder of a nondiverse defendant is fraudulent or a 'sham' and does not defeat jurisdiction "if the plaintiff fails to state a cause of action against the defendant, and the failure is obvious according to the settled rules of the state." Hunter v. Phillip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir.2007)); see Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir.) (noting that a defendant must show that "the individuals joined in the action cannot be liable on any theory" or that the resident defendant had "no real connection with the controversy"), cert.

denied, 525 U.S. 963 (1998).

A party is deemed to have been joined fraudulently if, "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." Kalawe v. KFC Nat'l Management Co., 1991 WL 338566, at *2 (D.Haw.1991) (citing Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416, 1426 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990)).  If a defendant claims that other defendants were fraudulently joined, the court may go beyond the pleadings to examine facts that show that the joinder is fraudulent.  See Ritchey, 139 F.3d at 1318. "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." Macey v. Allstate Property and Cas. Ins. Co., 220 F.Supp.2d 1116, 1117 (N.D.Cal. 2002).

B.     Analysis

Pursuant to California law, defamation consists of false and unprivileged written, oral or recorded publications which expose the defamed person to hatred, contempt, ridicule or obloquy or cause the person to be shunned or avoided or injured in his or her occupation.  Cal. Civ. Code §§ 45, 46.

The parties do not dispute the elements of defamation.  They do, however, disagree on the standard by which this Court should measure the defamation allegations in determining whether a claim has been stated against Mr. Kirkland.  As discussed below, while the Court finds state pleading standard applicable, Plaintiff's Complaint is deficient under *either* California or federal pleading standards.

Under California law, although a plaintiff need not plead the allegedly defamatory statement verbatim, the allegedly defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement.  See Jacobson v. Schwarzenegger, 357 F.Supp.2d 1198, 1216 (C.D. Cal. 2004); Okun v. Superior Court, 29 Cal.3d 442, 458 (1981).

Plaintiff's Complaint alleges that Defendants "told others, including, but not limited to Bruce Cummings and Krissy Janz and subsequent potential employers, expressly or by implication, that Plaintiff was incompetent at her job, engaged in reprehensible conduct, and

5

lacked cooperation." Complaint, ¶ 42. Plaintiff offers no further facts to support or explain the substance of the statements, and although California law does not require a plaintiff to repeat the statements verbatim, it does require more than general, conclusory statements. Plaintiff's allegations are insufficient under California law to state a claim for defamation against Mr. Kirkland.

The result is the same under federal pleading standards. The Court explained in <u>Jacobson v. Schwarzenegger</u>, 357 F.Supp.2d 1198, 1216 (C.D. Cal. 2004), that "[e]ven under liberal federal pleading standards, 'general allegations of the defamatory statements' which do not identify the substance of what was said are insufficient." In fact, the allegations held insufficient on a motion to dismiss in <u>Jacobson</u> were more specific than those at issue here. The Court described the allegations as follows:

> The plaintiff's defamation claim appears to be based upon a statement that a female parole agent, defendant Murria, made to unidentified BPT officials to the effect that the plaintiff had acted towards her in an inappropriate manner during a break at a hearing at which Murria had testified. The plaintiff alleges that unidentified "Defendant personnel" defamed the plaintiff by removing him from the attorney appointment list and by "spuriously leveling a false and defamatory charge against [the plaintiff] of inappropriate comportment towards a female parole agent [defendant Murria], following a parole revocation hearing on May 21, 2003" (Complaint, p. 79, ¶ 144). The plaintiff apparently alleges that BPT officials, including defendants Wadkins, Moeller, and Speed, conducted an investigation of Murria's allegation, during the course of which the plaintiff speculated to Moeller that Murria may have complained about the plaintiff because the plaintiff "had vigorously cross-examined her skeptically during the hearing" (Complaint, pp. 79–80, ¶¶ 145(a)-(d)). Defendant Moeller allegedly described Murria's statement to the plaintiff in a telephone conversation, and defendant Speed described the statement in a letter apparently sent to the plaintiff (Complaint, pp. 80–82, ¶¶ 145(b)- 47). The plaintiff further alleges that, on August 27, 2003, a colleague of the plaintiff told the plaintiff that the colleague had heard that the plaintiff "had engaged in a worse form of inappropriate comportment" than that alleged by Murria (Complaint, p. 83, ¶ 150). The plaintiff attributes his colleague's knowledge of Murria's complaint "to the improper, non-confidential manner in which Defendant BPT personnel processed [Murria's] (apparent) complaint" (Complaint, p. 83, ¶ 152).

<u>Jacobson</u>, 357 F.3d at 1216. The <u>Jacobson</u> Court found these allegations to be insufficient "because the plaintiff fails to identify and state the substance of the allegedly defamatory statement." <u>Id.</u> Plaintiff's allegation that the statements involved her incompetency, "reprehensible conduct," and uncooperative nature provides far *less* substance than the insufficient allegations in <u>Jacobson</u>.

Having determined that Plaintiff's allegations are insufficient to state a defamation claim

6

against Mr. Kirkland under either California or federal pleading standards, the Court must address Plaintiff's contention that remand cannot be granted if she can amend the allegations.[2]

Without question, in remand motions where fraudulent joinder is not an issue, jurisdiction is determined at the time of removal and there is no discussion of possible amendment. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The amendment issue arises in fraudulent joinder cases likely because the Ninth Circuit has directed courts to go "somewhat further" than the pleadings. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).

The Court acknowledges that district courts within the Ninth Circuit have suggested that if a plaintiff can amend, remand should be granted. However, the weight of authority holds that review of the complaint, even in fraudulent joinder cases, is constrained to the facts actually alleged therein. See Pasco v. Red Robin Gourmet Burgers, Inc., 2011 WL 5828153, *3 (E.D.Cal. 2011). More importantly, Ninth Circuit authority supports this method of review. See Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1426 n. 12 (9th Cir.1989) (affirming district court's refusal to consider allegations made in plaintiffs' unfiled, proposed amended complaint submitted as an attachment to a motion for reconsideration to determine whether valid claims had been stated for fraudulent joinder purposes).

Accordingly, based on the above, the Court finds that Plaintiff has failed to state a claim against Mr. Kirkland, the only non-diverse Defendant. Plaintiff's motion to remand is therefore DENIED.

IT IS SO ORDERED.

Dated:   **February 13, 2012**              /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that at the hearing, Plaintiff could not provide facts that could be added upon amendment.

7