1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE TOTH, | 1:12-CV-0001 LJO DLB |
| Plaintiff, | ORDER RE: DEFENDANTS' MOTION TO DISMISS COMPLAINT (DOCS. 8, 11) |
| v. | |
| GUARDIAN INDUSTRIES CORP., a Delaware corporation, *et al.*, | |
| Defendants. | |

INTRODUCTION.

Defendants Guardian Industries Corporation ("Guardian") and Ashley Kirkland ("Mr. Kirkland") bring motions to dismiss Plaintiff Christine Toth's ("Ms. Toth") Complaint. Plaintiff's Complaint alleges four causes of action: (1) Retaliation in violation of California Labor Code § 1102.5 against Guardian; (2) Unlawful Discrimination in Violation of Cal. Labor Code § 12900, *et seq.* against Guardian; (3) Wrongful Termination in Violation of Public Policy against Guardian; and (4) Defamation against all Defendants.

Guardian moves to dismiss stating that Plaintiff has not properly alleged any claim against it. Mr. Kirkland moves to dismiss alleging that, per the Court's order denying remand, he is a fraudulently joined defendant.

PROCEDURAL HISTORY.

Plaintiff filed her Complaint in California state court on November 22, 2011. ECF No. 1., Ex. 4. Defendants filed a notice of removal on December 30, 2011. ECF. No. 1.

Plaintiff filed a motion for remand January 6, 2012. ECF. No. 16. Guardian filed an opposition on January 25, 2012. ECF. No. 23. Plaintiff replied on February 2, 2012. ECF. No. 26.

1    Plaintiff's Motion to Remand was denied on February 13, 2012. ECF. No. 29.

2        On January 6, 2012 both Guardian and Kirkland filed motions to dismiss. ECF. No. 8, 11.

3    The decision on the motion to dismiss was stayed pending the Court's decision on remand. Once

4    remand was denied, Plaintiff filed an opposition to both Mr. Kirkland's and Guardian's motions

5    to dismiss. ECF. No. 31, 32. Mr. Kirkland and Guardian replied on March 12, 2012. ECF. No. 33,

6    34.

7

8                                    BACKGROUND.[1]

9        According to the Complaint, Plaintiff is an "adult homosexual female" and was employed

10   by Guardian from December 2000 through her termination on November 12, 2010. Compl. ¶ 10,

11   15. Mr. Kirkland was Plant Manager at Guardian in Fresno County. *Id.* at ¶ 3, 6.

12       Plaintiff began working for Guardian as a Human Resources Generalist at its plant in

13   Carleton, Michigan. *Id.* at ¶ 10. Plaintiff was promoted to Human Resources Manager at its plant

14   in Kingsburg, California. *Id.* She performed her duties satisfactorily throughout her employment

15   and received satisfactory performance evaluations and several salary increases. *Id.*

16       In September 2010, Mr. Kirkland told Plaintiff that he believed that two exempt

17   employees at the plant were dating. *Id.* at ¶ 11. Mr. Kirkland told Plaintiff to fire both employees,

18   then changed his mind and told Plaintiff to "get rid of" only the female exempt employee because

19   the male employee was more valuable. *Id*. Mr. Kirkland told Plaintiff to make the female

20   employee's life so miserable that she would quit. *Id.* Plaintiff informed Mr. Kirkland that

21   Guardian had no policy against employees dating and that to terminate an employee for this

22   would be unlawful. *Id.* She refused to fire the female employee or take any action that would

23   cause her to quit. *Id.*

24   _____

25   [1] The background facts have been taken from the Court's order on remand, which are based on Plaintiff's Complaint.
     ECF No. 29 at 2-4.

Mr. Kirkland became upset with Plaintiff and began to shun her. *Id.* at ¶ 12. Plaintiff attempted to contact Guardian's corporate attorney about Mr. Kirkland's demand, but had to leave a message. *Id.* at ¶ 13. Plaintiff then contacted Guardian's corporate Human Resources Director, Krissy Janz, to tell her about Mr. Kirkland's demand and express her concern about retaliation. *Id.* Ms. Janz told Plaintiff that she did not need to talk to the corporate attorney and that she would visit Kingsburg to investigate. *Id.* Mr. Kirkland learned that Plaintiff had consulted with Ms. Janz and was furious. *Id.* at ¶ 14. He "launched into a rant" in which he threatened to terminate her several times. *Id.* Mr. Kirkland told Plaintiff that Bruce Cummings, Guardian's Vice President of Human Resources, "doesn't even like [her] anymore." *Id.*

Plaintiff explains that she is a lesbian in a longtime relationship with a Guardian employee who works at the Reedley facility. *Id.* at ¶ 15. Plaintiff believes that this is common knowledge to Guardian management. *Id.* In the past, Mr. Cummings asked Plaintiff if they planned to have children and if so, which partner would give birth to the child. *Id.* Mr. Cummings reacted negatively to the possibility that Plaintiff might become pregnant. *Id.* Plaintiff alleges that Mr. Cummings instructed the Plant Manager at Reedley to terminate Plaintiff's partner because of their relationship. *Id.* However, Plaintiff does not allege that any termination occurred.

On or about November 2, 2010, Ms. Janz met with Plaintiff and told her that she was not the right person to work with Mr. Kirkland. *Id.* at ¶ 16. Ms. Janz offered to transfer to a plant in Indiana or a severance package. *Id.* Plaintiff was unable to relocate and was terminated effective November 12, 2010. *Id.* Plaintiff believes that Guardian terminated her because she refused to engage in unlawful activity and because of her sexual orientation. *Id.* Plaintiff believes that Mr. Cummings participated in, and approved, the decision to terminate her. *Id.*

Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH complaint") and received a right to sue letter in November 2011. *Id.* at ¶18.

1   <u>LEGAL STANDARD.</u>

2          A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) "tests the

3   legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding

4   whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint

5   as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party.

6   *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002). To survive a motion to dismiss, a

7   complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that

8   is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp.*

9   *v. Twombly*, 550 U.S. 544, 570 (2007)).

10         A claim has facial plausibility when the plaintiff pleads factual content that allows the

11  court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The

12  plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer

13  possibility that defendant has acted unlawfully. Where a complaint pleads facts that are 'merely

14  consistent with' a defendant's liability, it 'stops short of the line between possibility and

15  plausibility of entitlement to relief.'" *Id.* (*citing Twombly*, 550 U.S. 556-57).

16         Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of

17  factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.

18  1986). While the standard does not require detailed factual allegations, "it demands more than an

19  unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A

20  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

21  elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1950 ("Threadbare

22  recitals of the elements of a cause of action, supported by mere conclusory statements, do not

23  suffice.").

24         In ruling upon a motion to dismiss, the court may consider only the complaint, any

1    exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of

2    Evidence 201.  *See, Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

3

4                                    DISCUSSION.

5    Defamation Claim Against Mr. Kirkland In Light of the Court's Order Denying Remand.

6            On January 6, 2012, Plaintiff filed a motion for remand. ECF No. 16. Plaintiff asserted the

7    case had been wrongfully removed in violation of 28 USCA §1441(b)(2) because Mr. Kirkland is

8    "a citizen of the State [of California] in which the action is brought." ECF. No. 17.  Guardian

9    opposed, alleging that Mr. Kirkland was a "fraudulently joined" and/or "sham" defendant because

10   the Complaint failed to state a claim against the California-resident Defendant. ECF No. 23.

11

12           Following full briefing and a hearing, the Court denied Plaintiff's Motion to Remand,

13   finding that Plaintiff's allegations were insufficient to state a defamation claim against Mr.

14   Kirkland under either California or federal pleading standards. ECF No. 29 at 5. The Court

15   further found that Plaintiff was unable to allege any additional facts which could be added

16   through amendment that would constitute a claim against Mr. Kirkland. ECF No. 29 at 7, n. 2.

17           In Plaintiff's Opposition to Mr. Kirkland's Motion to Dismiss, she attempts to re-argue

18   the identical issue previously ruled on by the Court's Order Denying Plaintiff's Motion to

19   Remand.  "[A] court should not reopen issues decided in earlier stages of the same litigation,"

20   *Agostini v. Felton*, 521 U.S. 203, 236 (1997), particularly in the instance where no new argument,

21   law, facts, or evidence is presented to demonstrate that some injustice has occurred. *See e.g.,*

22   *Mayweathers v. Terhune,* 136 F. Supp. 2d 1152, 1154 (E.D. Cal. 2001).

23           Accordingly, Plaintiff's defamation claim against Mr. Kirkland is DISMISSED

24   WITHOUT PREJUDICE, and Mr. Kirkland is DISMISSED from this action.

25

26   Plaintiff's First Claim: Violation of California Labor Code § 1102.5 Against Guardian.

27

28

1  Exhaustion of Administrative Remedies.

2          The parties dispute whether exhaustion of administrative remedies is necessary prior to

3  bringing a § 1102.5 claim. Plaintiff's argument relies chiefly on *Creighton v. City of Livingston*,

4  2009 WL 3246825, No. CV-F-08-1507 OWW/SMS (E.D. Cal. Oct. 7, 2009) (*Creighton II*) and

5  *Lloyd v. County of Los Angeles*, 172 Cal. App. 4th 320 (Cal. App. 2nd Dist. 2009), both of which

6  found that "[e]xhaustion of administrative remedies before the Labor Commissioner before filing

7  suit for statutory violations of the Labor Code is not required under California law." *Creighton II,*

8  2009 WL 3246825 at *12.

9          Defendant, however, points to *Hanford Exec. Mgmt. Emp. Ass'n v. City of Hanford,* 2012

10  WL 603222, No. 1:11–cv–00828–AWI–DLB (E.D. Cal. Feb. 12, 2012), which found that

11  *Creighton II* was an outlier case and *Lloyd* lacked sufficient analysis, while the majority of

12  federal district court cases have found exhaustion necessary. *Id.* at *15-17.

13          *Handford* fully examines the same cases and issues raised here:

14
15      [In *Creighton II,* an order on reconsideration of *Creighton I,*] [t]he court observed the
        decisions it had relied upon in dismissing the plaintiff's claim in *Creighton I* 'were all
16      federal district court decisions relying on [the seminal case] *Campbell* [*v. Regents of
        University of California*, 35 Cal. 4th 311 (2005)] to conclude that exhaustion of
17      administrative remedies is required before the Labor Commissioner.' *Id.* at *12. After
        systematically reviewing the California precedents on Labor Code administrative
18      exhaustion, including *Campbell*, the court further observed: 'No California decision
        requires as a prerequisite to suit for statutory violation of the Labor Code exhaustion of
19      administrative remedies before the Labor Commissioner. California case law is to the
        contrary. By its terms, *Campbell* only held that exhaustion of *internal* administrative
20      remedies is required; there is no discussion in *Campbell* of exhaustion of administrative
        remedies before the Labor Commission.' *Id.* (emphasis original). The court then held
21      exhaustion of administrative remedies with the Labor Commissioner was not a
        prerequisite to filing suit for statutory Labor Code violations and denied the defendants'
22      motion to dismiss. *Id.* In the Court's view, *Creighton II* is anomalous and unpersuasive.
23
24      *Campbell*, a unanimous decision by the California Supreme Court, involved a plaintiff,
        Janet Campbell, who. . . brought an action against [Defendant Regents of the University
25      of California ("Regents")]  for retaliatory discharge in violation of California Government
        Code § 12653 and Labor Code § 1102.5, alleging she had exhausted all administrative
26      remedies or was not required to exhaust them. *Id.* at 319. The Regents demurred to the
        complaint, arguing Campbell's refusal to avail herself of [UCSF's internal] complaint
27
28

resolution process. . . constituted a failure to exhaust administrative remedies. . . .
Campbell [rejoined that] "the Legislature's statutory language, allegedly authorizing direct access to the court," implied the Legislature intended to abrogate the general rule of exhaustion of administrative remedies for section 1102.5 claims. *Id.* at 322. The court disagreed. After discussing the statute's legislative history, the court concluded exhaustion of administrative remedies was a prerequisite to filing suit for a statutory 1102.5 violation. *Id.* at 329–33.

*Creighton II* correctly observes that *Campbell* only required the plaintiff to allege exhaustion of *internal* UCSF administrative remedies before filing a section 1102.5 action; *Campbell* does not mention exhaustion of administrative remedies with the Labor Commissioner. Problematically for Plaintiffs, nothing suggests the *Campbell* court intended to limit its holding to require the exhaustion of only internal remedies, and no California decision has interpreted *Campbell* as narrowly as *Creighton II*. Furthermore, the *Campbell* court reasoned that the plaintiff was required to exhaust the administrative remedies available to her under UCSF's policies and procedures in part because they 'provide[d] a comprehensive system of administrative enforcement' over the claims she had asserted against the Regents. *Campbell*, *supra,* 35 Cal. 4th at 328–29. . . .

Plaintiffs further direct the Court to another case discussed in *Creighton II*, *Lloyd v. County of Los Angeles*, 172 Cal. App. 4th 320 (2009), wherein the Second District of the California Court of Appeal held that Labor Code § 98.7(a) 'merely provides the employee with an additional remedy, which the employee may choose to pursue,' and concluded there was 'no reason to ... impose an administrative exhaustion requirement on plaintiffs seeking to sue for Labor Code violations.' *Id.* at 331. *Lloyd*, however, did not distinguish *Campbell*, and the Court finds *Lloyd* to be unpersuasive for all of the reasons set forth in *Adams v. Robert Mondavi Winery Woodbridge*, 2009 WL 3166669 (Cal. App. 3d Dist. 2009) (unpublished), at *7–*9.

*Handford*, 2012 WL 603222 at *15-17; *accord, Dolis v. Bleum USA, Inc.*, No. C11–2713 THE, 2011 WL 4501979, *2 (N.D. Cal. Sept. 28, 2011) (stating *Creighton II* is overly narrow, *Lloyd* lacks a full analysis, and finding exhaustion necessary); *Ferretti v. Pfizer Inc.*, NO. 11-CV-04486, 2012 WL 694513, *5 (N.D. Cal. Feb 29, 2012) (same); *see also, Reynolds v. City and County of San Francisco*, No. C 09-0301 IRS, 2011 WL 4808423, *1-2 (N.D .Cal. Oct. 11, 2011) (finding exhaustion necessary, citing *Campbell*); *Chacon v. Housing Authority of County of Merced*, No. 1:10–cv–2416 AWI GSA, 2011 WL 2621313, *4 (E.D. Cal. Jun. 29, 2011) (same); *Cartwright v. Regents of University of California*, No. 2:05-cv-02439-MCE-KJM, 2009 WL 2190072, *7–8 (E.D. Cal. Jul. 22, 2009) (same); *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1180 (E.D. Cal. 2005) (same).

*Adams* found *Lloyd* "problematic" because it did not mention the seminal California Supreme Court case, *Campbell*, or many of the federal court cases which discuss the issue. *Adams,* 2009 WL 3166669, *9. Further, *Adams* found that the cases *Lloyd* relied upon were unpersuasive. *Id.* For example, *Lloyd* cites *Daly v. Exxon Corp.*, 55 Cal. App. 4th 39, 41-42

(1997). *Id. Daly* is a California appellate case which predates the California Supreme Court case *Campbell* by almost a decade and therefore is not the foremost authority. *Id.* Further, while *Daly* stated that there was no requirement that a plaintiff exhaust her administrative remedies, it did not provide any analysis; *Daly* simply made the statement and cited two cases from the 1980's. *Id.*

The court finds the reasoning in *Handford*, *Adams*, and the vast majority of the other district court cases which have uniformly found exhaustion necessary, persuasive. Accordingly, Plaintiff must exhaust her administrative remedies.

<u>Is the Exhaustion Requirement Met?</u>

Labor Code § 98.7(a) provides an administrative remedy for § 1102.5 claims before the Labor Commissioner for "any person who believes that he or she has been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor Commissioner." Section 98.6 (a)-(b). However, Plaintiff does not allege that she has brought a claim before the Labor Commissioner.[2] Therefore, her claim is dismissed.

Guardian correctly points out that Labor Code § 98.7(a) has a six month statute of limitations and that Plaintiff has overrun the limitations period, as she alleges she was terminated nearly a year and a half ago on November 12, 2010. Compl. ¶ 16.

Accordingly, Defendant's motion to dismiss Plaintiff's § 1102.5 claim is GRANTED WITHOUT LEAVE TO AMEND.

—————————————

[2] The Court notes that filing a DFEH complaint does not satisfy the exhaustion requirement for a § 1102.5 claim. *Hall v. Apt. Inv. & Mgmt. Co.*, No. 08-CV-3447 CW, 2008 WL 5396361,*3-4 (N.D. Cal. Dec. 19, 2008). Section 98.7's "exhaustion requirement requires the Labor Commissioner to investigate claims of discharge and discrimination in violation of the laws for which the Labor Commissioner has jurisdiction. Cal. Lab.Code § 98.7(a). Complaints filed with the DFEH are not reviewed in the same manner as if they were filed with the Labor Commissioner. Therefore. . . [plaintiffs do] not satisfy their administrative exhaustion requirement" with a DFEH complaint. *Id.; see also, Ortiz v. Lopez*, 688 F.Supp.2d 1072, 1080-81 (E.D. Cal. 2010); *Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1180 (E.D. Cal. 2005).

1   Plaintiff's Second Claim: Unlawful Discrimination, Harassment and Failure to Prevent
2   Discrimination in Violation of California Government Code 12900, *et seq.*[3]

3   Judicial Notice of Plaintiff's DFEH Complaint.

4       Defendant requests that the Court take judicial notice if Plaintiff's DFEH complaint. ECF

5   No. 14, Guardian's Request for Judicial Notice ("RJN"). Plaintiff does not dispute that the Court

6   may take judicial notice. Opp'n to Guardian at 3.[4] Indeed, courts regularly take judicial notice of

7   DFEH complaints as an official record of a state administrative agency. *See e.g., Davenport v.*

8   *Board of Trustees of State Center Community College District,* 654 F. Supp. 2d 1073 (E.D. Cal.

9
10  2009). Accordingly, the Court GRANTS Guardian's request.

11  Exhaustion of Administrative Remedies.[5]

12      The parties dispute whether the scope of the judicial action has been sufficiently
13
14  exhausted by Plaintiff's DFEH complaint. Plaintiff argues that her sexual orientation

15  discrimination and harassment claims are actionable because they are "inexorably intertwined

16  with her retaliation claims and would have been discovered by a reasonable investigation of

17  [Plaintiff's] administrative charge concerning the unlawful termination of her employment."

18  Opp'n at 6:2-5. Guardian rejoins that the claims in Plaintiff's DFEH complaint are separate and
19
20  distinct from the Complaint's discrimination claims.

21  _____

22  [3] The Court notes that Plaintiff's second cause of action appears to be three separate claims: discrimination,
    harassment and failure to prevent discrimination. While Guardian advances arguments regarding discrimination and
23  harassment, Guardian does not advance any argument regarding Plaintiff's failure to prevent discrimination claim.
    Accordingly, the claim remains. Guardian may wish to address this claim at the next stage of this action.
24  [4] While Plaintiff does not dispute that judicial notice can be taken, she disputes the alleged manner in which Guardian
    has portrayed the facts in the DFEH complaint. Plaintiff argues that no "improper adverse inferences [or] supposition
25  [may be] drawn from the contents of [Plaintiff's] DFEH complaint." Opp'n. at 3-4. The Court understands the law
    regarding judicial notice and does not draw any improper inferences from the facts listed, nor will it consider any
26  disputed facts in the DFEH complaint as true. However, the Court may, and must, look to the facts and charges listed
    in the DFEH complaint in order to determine the scope of the action before the Court and whether Plaintiff has
27  exhausted her administrative remedies. *See, Rodriguez v. Airborne Express,* 265 F.3d 890, 896 (9th Cir.2001) ("The
    scope of the written administrative charge defines the permissible scope of the subsequent civil action.")
    [5] The parties discuss the claims of harassment and discrimination together; as such, the Court addresses the two
28  claims together.

The scope of the judicial action "is limited not by the EEOC charge, but rather by 'the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Okoli v. Lockheed Technical Operations Co.*, 36 Cal.App.4th 1607, 1615 (Cal. App. 6th Dist. 1995). However, exhaustion cannot be found where "two claims involve totally different kinds of allegedly improper conduct." *Rodriguez v. Airborne Express*, 265 F.3d 809, 897 (2001).

Here, Plaintiff's DFEH complaint states that she was retaliated against because she "reported [Ashley Kirkland] for wanting to fire a female employee." RJN at 4. The DFEH complaint does not claim discrimination or harassment. Nor does the DFEH complaint mention Plaintiff's sexual orientation or that Plaintiff had been discriminated against or harassed on the basis of her sexual orientation. A claim of retaliation based on Plaintiff's refusal to fire some other female employee is entirely separate from Plaintiff's civil action alleging discrimination based on Plaintiff's sexual orientation. It is not proper to expand the claim when "the difference between the charge and the complaint is a matter of adding an entirely new basis for the alleged discrimination." *Okoli*, 36 Cal. App. 4th at 1615; *see e.g., Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1050 (9th Cir. 1987) (holding that allegations of sex and age discrimination in civil complaint were not encompassed by charge filed with DFEH alleging only race discrimination); *see also, Wilson-Combs v. California Dept. of Consumer Affairs*, 555 F. Supp. 2d 1110, 1116 (E.D. Cal. 2008) ("Courts have long held that a particular charge of sexual harassment/discrimination filed with an administrative agency would not reasonably trigger an investigation into discrimination on the ground of race" because the two are entirely separate allegations).

Here it is even clearer that Plaintiff's claims are separate and distinct because not only are the claims entirely separate (i.e., retaliation for not engaging in unlawful discrimination versus

Plaintiff's termination based on sexual orientation), but the claims involve two different *people*. Although not exactly clear, Plaintiff apparently argues that the basis of her DFEH complaint is that Plaintiff refused to fire an employee simply because *that employee* was a woman, while her civil action is based on Plaintiff's *own* characteristics as a woman and homosexual. The two are entirely different. Accordingly, Plaintiff has not exhausted her administrative remedies.

Claims filed with the DFEH must be filed within one year of the incident. Cal. Govn't Code § 12960(d).  Plaintiff was terminated more than one year ago; therefore, she cannot exhaust her administrative remedy regarding her claims of sexual orientation discrimination and harassment in her second cause of action. As such, Guardian's motion to dismiss Plaintiff's second cause of action regarding harassment and discrimination is GRANTED WITHOUT LEAVE TO AMEND.

Plaintiff's Third Claim: Wrongful Termination Against Guardian.

Wrongful termination in violation of public policy is a California common law cause of action providing that "when an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." *Tameny v. Atl. Richfield Co.*, 27 Cal.3d 167 (1980); *see also, Freund v. Nycomed Amersham*, 347 F.3d 752, 758 (9th Cir.2003). The public policy implicated must be "(1) delineated in either constitutional or statutory provisions; (2) 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the interests of the individual; (3) well established at the time of discharge; and (4) substantial and fundamental." *Freund*, 347 F.3d at 758 (*quoting City of Moorpark v.Super. Ct.,* 18 Cal. 4th 1143, 1159 (1998)). Unlike a statutory retaliation claim under section 1102.5(c), a common law wrongful termination in violation of public policy is not subject to the exhaustion requirement. *Stevenson v. Superior Ct.*, 16 Cal.4th 880, 905 (1997).

Where a plaintiff "relies upon a statutory prohibition to support a common law cause of action for wrongful termination in violation of public policy, the common law claim is subject to statutory limitations affecting the nature and scope of the statutory prohibition." *Stevenson*, 16 Cal. 4th at 904. Thus, Plaintiff's wrongful termination claim must follow the contours of claims under Labor Code § 1102.5(c) and the Fair Employment and Housing Act ("FEHA"), Gov't Code § 12900 *et seq.*

Section 1102.5(c)

Violations of California Labor Code § 1102.5 can support a common law cause of action for wrongful termination in violation of public policy. *Scheu v. Charter Commc'ns, LLC*, No. 08–CV–02835–MMM, 2011 WL 3204672, at *20 (C.D. Cal. July 27, 2011) ("Violations of California Labor Code § 1102.5 ... constitute public policy within the meaning of *Tameny* and its progeny."). Under section 1102.5(c), "an employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a state or federal statute, or a violation or noncompliance with a state or federal rule or regulation."

"[T]o establish a prima facie case of retaliation under section 1102.5(c) a plaintiff must show: (1) that [s]he engaged in protected activity, (2) that [s]he was thereafter subjected to adverse employment action by h[er] employer, and (3) that there was a causal link between the protected activity and the adverse employment action." *Bursese v. Paypal, Inc.*, No. 06–CV–00636–RMW, 2007 WL 485984, at *8 (N.D.Cal. Feb.12, 2007) (*citing Morgan v. Regents of Univ. of Cal.*, 88 Cal. App.4th 52, 69 (2000)).

The parties only dispute the first element; namely, whether Plaintiff was engaged in a protected activity. It is well established that a retaliation claim may be brought by an employee who has complained of or opposed conduct that the employee reasonably believes to be discriminatory, even when a court later determines the conduct was not actually prohibited by the

FEHA. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1043; *Miller v. Department of Corrections*, 36 Cal.4th 446, 473 (2005); *Flait v. North American Watch Corp.*, 3 Cal.App.4th 467, 477 (Cal. App. 2nd Dist. 1992); *Moyo v. Gomez*, 40 F.3d 982, 985 (9th Cir. 1994); *Gifford v. Atchison, Topeka & Santa Fe Ry. Co.,* 685 F.2d 1149, 1157 (9th Cir. 1982).

The relevant language of Plaintiff's Complaint states:

In or about September 2010, Defendant [Mr. Kirkland], told Plaintiff that he believed that two exempt employees at the plant were dating. [Mr. Kirkland] told Plaintiff to fire both employees then changed his mind and instructed Plaintiff to 'get rid of' only the female exempt employee because the male exempt employee was 'more valuable.' [Mr. Kirkland] told Plaintiff to make the female employee's life so miserable that she would quit. Plaintiff informed [Mr. Kirkland] that *[Guardian] had no policy against employees dating each other and that to terminate an employee for this would be unlawful*. . . .

Plaintiff tried to contact [Guardian's] corporate attorney about [Kirkland's] demand that she terminate the female manager but had to leave a message. Plaintiff then contacted [Guardian's] corporate Human Resources Director, Krissy Janz, to tell her about [Kirkland] wanting to fore the female employee for unlawful reasons.

Compl. ¶ 11 (emphasis added).

The reasonable assumption from Plaintiff's allegations is that Plaintiff believed firing the employee was unlawful because Plaintiff would be firing her *without cause,* not because it was a violation of FEHA. Whether there was cause or not is not the relevant inquiry in establishing an unlawful discrimination claim. In order to allege a claim, Plaintiff must allege that she believed a violation of FEHA would occur if she had heeded the order of Mr. Kirkland and that her belief was reasonable. She must allege facts which demonstrate that a reasonable person would believe sex discrimination was taking place – e.g., did Plaintiff believe that Mr. Kirkland directed Plaintiff to fire the employee because she was female? Did Plaintiff believe that the female employee was being held to a different standard than the male employee? Plaintiff has not done so here.

Further, this case is unlike *Yanowitz*, the case Plaintiff cites to support her assertion.  In *Yanowitz* the plaintiff believed that an order to terminate a female employee because she was not

sexually attractive enough represented the application of a different standard for female sales associates than for male sales associates. 36 Cal. 4th at 1043-45. As such she reasonably believed that a FEHA violation would occur if she fired the female employee based on the differing standards. *Id.*

Here, Plaintiff does not allege that she was ordered to fire the female employee for any sex-related reason or even that Plaintiff believed the employee's sex was the reason for her termination. The Complaint only states Plaintiff believed firing the employee was unlawful because there was no cause. The court cannot find that Plaintiff had a reasonable belief that FEHA was violated when none has been alleged.

Accordingly, Guardian's motion to dismiss Plaintiff's wrongful termination claim based on Labor Code § 1102.5 is GRANTED WITH LEAVE TO AMEND.

Discrimination.

To assert a prima facie case of discrimination under FEHA, Plaintiff must allege that (1) she was a member of a protected class, (2) she was qualified for the position she sought or was performing competently in the position she held, (3) she suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive. *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 355 (2000).

Guardian takes issue with the final element; namely, that Plaintiff has not properly alleged discriminatory motive.

Plaintiff's Complaint asserts in relevant part:

Plaintiff is a lesbian who has a longtime relationship with a [Guardian] employee who works at its facility in Reedley, California. . . . Bruce Cummings is aware of [Plaintiff's] sexual orientation because he questioned her about her relationship with her partner in the past. . . . Mr. Cummings reacted negatively to the possibility that Plaintiff might become pregnant. . . . Plaintiff is informed and believes that Bruce Cummings participated in and approved the decision to terminate [Plaintiff].

Comp. ¶ 15-16.

Guardian argues that Plaintiff cannot state a claim because Plaintiff does not allege any temporal proximity between Bruce Cummings' statements and Plaintiff's termination. However, temporal proximity between a statement made and an adverse employment action is not *required* to allege discriminatory motive; it is merely one way to more strongly demonstrate discriminatory motive. *See e.g., Angelone v. Seyfarth Shaw, LLP,* No. CIV. S-05-2106 FCD JFM, 2007 WL 1033458, *12 (E.D. Cal. Apr. 3, 2007) ("temporal proximity between the protected activity and the adverse employment action *can be* sufficient prima facie evidence of discriminatory motive) (emphasis added).

Here, Plaintiff alleges discriminatory circumstances by stating that Mr. Cummings reacted negatively to the possibility that Plaintiff would become pregnant and was then fired through the participation and approval of Mr. Cummings. *See, Trop v. Sony Pictures Entertainment Inc.,* 129 Cal.App.4th 1133, 1137, n. 1 (Cal. App. 2nd Dist., 2005) (*"*A cause of action may be based upon an adverse employment action directed at a woman who is trying to become pregnant.") Taking all facts as true and making all reasonable assumptions in favor of Plaintiff, Plaintiff has sufficiently alleged discriminatory circumstances. Guardian's motion to dismiss Plaintiff's wrongful termination claim based on sex discrimination is DENIED.

Harassment.

Guardian asserts that Plaintiff's allegations of harassment are not sufficient to meet the standard of "severe and pervasive" conduct.

The California Supreme Court explains the standard as follows:

[T]he hostile work environment form of sexual harassment is actionable only when the harassing behavior is pervasive or severe. [Citation.] This limitation mirrors the federal courts' interpretation of Title VII. [Citation.] To prevail on a hostile work environment claim under California's FEHA, an employee must show that the harassing conduct was 'severe enough or sufficiently pervasive to alter the conditions of employment and create

a work environment that qualifies as hostile or abusive to employees because of their sex.'
[Citations.] There is no recovery 'for harassment that is occasional, isolated, sporadic, or
trivial.' [Citation.] [¶] Courts that have construed federal and California employment
discrimination laws have held that an employee seeking to prove sexual harassment based
on no more than a few isolated incidents of harassing conduct must show that the conduct
was 'severe in the extreme.' [Citations.]

*Hughes v. Pair,* 46 Cal. 4th 1035, 1043-44 (2009).

Here, Plaintiff alleges only an isolated incident related to Plaintiff's sex – that Mr.
Cummings reacted negatively to the possibility of her becoming pregnant. Compl. ¶ 11. This
isolated incident is not sufficient to meet the severe and pervasive standard.

Defendant's motion to dismiss Plaintiff's claim for harassment is GRANTED WITH
LEAVE TO AMEND.

Plaintiff's Fourth Claim: Defamation Against Guardian.

Plaintiff's Complaint alleges a claim of defamation against "all Defendants." Compl. at 9.
However, Plaintiff's Opposition only addresses Mr. Kirkland's Motion to Dismiss the defamation
claim and does not respond to Guardian's Motion to Dismiss the defamation claim. Plaintiff's
failure to oppose Guardian's motion suggests that Plaintiff does not wish to pursue the claim
against Guardian. However, out of an abundance of caution the Court addresses the sufficiency of
the claim against Guardian.

Defamation is effected by either libel or slander. Cal. Civ. Code § 44. "Libel is a false and
unprivileged publication by writing . . . which exposes any person to hatred, contempt, ridicule, or
obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in
his occupation." Cal. Civ. Code § 45. Slander is defined as an oral communication that "[t]ends
directly to injure [a person] in respect to his office, profession, trade or business . . . ." Cal. Civil
Code § 46.

Libel.

To state a claim for libel a plaintiff must allege "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 72 Cal. App.4th 637, 645 (1999); *see* Cal. Civ. Code §§ 45-46. "Publication" is defined as a "communication to a third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made." *Ringler Associates, Inc. v. Maryland Casualty Co*., 80 Cal. App. 4th 1165, 1180 (2000).

Under California law, "the general rule is that the words constituting an alleged libel must be specifically identified, if not pleaded verbatim, in the complaint." *Gilbert v. Sykes*, 147 Cal. App. 4th 13 (2007). Pleading the "substance of the defamatory statement" is also adequate to state a claim for libel. *Okun v. Superior Ct.*, 29 Cal.3d 442, 458 (1981). But "general allegations of the defamatory statements" which do not identify the substance of what was said are insufficient. *See, Silicon Knights, Inc. v. Crystal Dynamics, Inc.,* 983 F. Supp. 1303, 1314 (N.D.Cal.1997); *Jacobson v. Schwarzenegger*, 357 F.Supp.2d 1198, 1216 (C.D.Cal.2004).

In this case, Plaintiff's libel claim is insufficient because she has failed to identify and state the substance of any defamatory statement. The Complaint only contains allegations that statements were made "with the meaning and/or substance that Plaintiff was incompetent at her job, engaged in reprehensible conduct, and lacked cooperation." Compl. ¶ 43. The Complaint does not allege the substance of those statements at all.

Further, the Complaint fails to state that any alleged statements were publicized in written form. The Complaint states that the defamatory statements were "possibly written." *Id*. The standard on motion to dismiss requires "more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

Accordingly, Guardian's motion to dismiss Plaintiff's claim for libel is GRANTED WITH LEAVE TO AMEND. Plaintiff is given one more attempt to properly allege a libel claim against

Guardian. If Plaintiff fails to properly allege libel in her amended complaint, her claim will be dismissed without leave.

Slander.

As in libel, "[t]he words constituting. . . slander must be specifically identified, if not plead verbatim." *Chabra v. S. Monterey County Memorial Hospital, Inc.*, 1994 WL 564566, *6 (N.D. Cal. 1994) (*citing Kahn v. Bower*, 232 Cal. App. 3d 1599, n. 5 (1991). While the exact words or circumstances of the slander need not be alleged to state a claim for defamation, the substance of the defamatory statement must be alleged. *Okun*, 29 Cal. 3d at 458.

As found above, Plaintiff does not sufficiently plead the substance of any defamatory statement. *See also, Silicon Knights, Inc.,* 983 F. Supp. at 1313-14 (finding allegations that the defendant made statements to the plaintiff's customers about the "quality and reliability" of its products, the "competence and ability" of its employees, and its "cooperation and ability to work with customers [and] suppliers" were too general and did not plead the substance of any actual statement; thus, they were not sufficient allegations to assert a slander clam.)

Accordingly, Guardian's motion to dismiss Plaintiff's claim for slander is GRANTED WITH LEAVE TO AMEND. Plaintiff is given one more attempt to properly allege a slander claim against Guardian. If Plaintiff fails to properly allege slander in her amended complaint, her claim will be dismissed without leave.

CONCLUSION AND ORDER.

For the reasons cited above:

Guardian's motion to dismiss Mr. Kirkland from this action pursuant to the Court's Order Denying Remand is GRANTED.

Guardian's motion to dismiss Plaintiff's claim for violation of Cal. Labor Code § 1102.5 is GRANTED WITHOUT LEAVE TO AMEND.

Guardian's motion to dismiss Plaintiff's claim for unlawful discrimination in violation of Cal. Gov't Code § 12900, *et. seq.* is GRANTED WITHOUT LEAVE TO AMEND.

Guardian's motion to dismiss Plaintiff's claim for harassment in violation of Cal. Gov't Code § 12900, *et. seq.* is GRANTED WITHOUT LEAVE TO AMEND.

Guardian's motion to dismiss Plaintiff's claim for wrongful termination based on Cal. Labor Code § 1102.5 is GRANTED WITH LEAVE TO AMEND.

Guardian's motion to dismiss Plaintiff's claim for wrongful termination based on discrimination in violation of Cal. Gov't Code § 12900, *et. seq* is DENIED.

Guardian's motion to dismiss Plaintiff's claim for wrongful termination based on harassment in violation of Cal. Gov't Code § 12900, *et. seq* is GRANTED WITH LEAVE TO AMEND.

Guardian's motion to dismiss Plaintiff's claim for libel is GRANTED WITH LEAVE TO AMEND.  Guardian's motion to dismiss Plaintiff's claim for slander is GRANTED WITH LEAVE TO AMEND.  <u>If Plaintiff wishes to filed an amended complaint, she must do so in conformity with this Order within twenty-one (21) days following electronic service of this Order.</u>

IT IS SO ORDERED.

Dated:   __March 29, 2012__           ___/s/ Lawrence J. O'Neill__
                                         UNITED STATES DISTRICT JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28